UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
ISAAC M. OSTROZYNSKI
on behalf of himself and
all other similarly situated consumers

                              Plaintiff,


            -against-


ARS NATIONAL SERVICES, INC.

                              Defendant.


--------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.   Plaintiff Isaac M. Ostrozynski seeks redress for the illegal practices of ARS National

Services, Inc., concerning the collection of debts, in violation of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.   Plaintiff is a citizen of the State of New York who resides within this District.

3.   Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that

the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.   Upon information and belief, Defendant's principal place of business is located in

Escondido, California.

5.   Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by

consumers.

6.   Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §

1692(a)(6).

*Jurisdiction and Venue*

7.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Isaac M. Ostrozynski*

9.  Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect alleged consumer debts from the Plaintiff.

10. On or about December 17, 2020, Plaintiff called and spoke to a representative from ARS National Services, Inc., and attempted to dispute the two Chase debts over the phone.

11. The Defendant informed Plaintiff that since the said accounts still belonged to Chase, the Plaintiff would not be able to dispute the debt directly with ARS National Services, Inc.

12. Instead, the Defendant stated that Plaintiff would need to speak to the original creditor, JP Morgan Chase Bank, to dispute the alleged debts.

13. The Defendant then proceeded to connect the Plaintiff to Chase Bank's customer service hotline.

14. Such a statement by a debt collector was false and misleading.

15. Section 1692e of the FDCPA states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, **including the failure to communicate that a disputed debt is disputed**. (emphasis added)

16.    Upon information and belief, ARS National Services, Inc. and its employee as a matter of procedural practice and pattern never intend to follow through with the validation rights they purportedly provide in the initial communication.

17.    Upon information and belief, ARS National Services, Inc. and its employee intentionally denied the Plaintiff his dispute rights afforded to him under the FDCPA.

18.    Upon information and belief, ARS National Services, Inc. and its employee wrongfully stated to the Plaintiff that he could not dispute the debt with ARS National Services, Inc.

19.    Upon information and belief, ARS National Services, Inc. and its employee wrongfully stated to the Plaintiff that he could only dispute a debt in with the original creditor.

20.    Upon information and belief, ARS National Services, Inc. and its employee by intentionally denying the Plaintiff and any other debtor his or her right to dispute their debts unfairly intimidate and force debtors in to paying disputed debts.

21.    The ARS National Services employee who spoke with Isaac Ostrozynski intended to speak the said words to the Plaintiff.

22.    The acts and omissions of ARS National Services and its employee done in connection with efforts to collect a debt from the Plaintiff were done intentionally and willfully.

23.    Upon information and belief, ARS National Services, Inc. and its employees intentionally and willfully violated the FDCPA and do so as a matter of pattern and practice by not letting any of the class members dispute the debt directly with the Defendant, thereby failing to communicate that a disputed debt is disputed contrary to the FDCPA and the rights given by the Defendant purportedly in the validation notice.

24.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

25. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

26. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

27. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

28. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

29. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

30. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

31. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

32. As an actual and proximate result of the acts and omissions of ARS National Services, Inc. and its employees, Plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A FIRST CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.***

33.     Plaintiff re-states, re-alleges and incorporates herein by reference, paragraphs one (1) through thirty-two (32) as if set forth fully in this cause of action.

34.     This cause of action is brought on behalf of Plaintiff and the members of a class.

35.     The class consists of all persons whom Defendant's records reflect resided in the State of New York who communicated with Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the Defendant denied the Plaintiff the right to dispute the debt; and (b) the Defendant made false statements in violation of 15 U.S.C. §§ 1692e(8) and 1692e(10).

36.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that form telephonic communications are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who communicated with the Defendant (*i.e.*, the class members), a matter capable of ministerial determination from the records of Defendant.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E.   The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

37.   A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

38.   If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

39.   Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

40.   The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

41.   Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

A. Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

### *Violations of the Fair Debt Collection Practices Act brought by Plaintiff on an individual basis*

42. Plaintiff re-states, re-alleges, and incorporates herein, all paragraphs in this action, that reference the Plaintiff being unable to dispute the alleged debt with ARS National.

43. That on or about December 17, 2020, the Plaintiff called and spoke to a representative from ARS National Services, Inc.

44. During the call, the Plaintiff attempted to dispute the debt, yet the Defendant would not accept the dispute, but rather, instructed the Plaintiff to direct all disputes to the original creditor.

45. The FDCPA allows the consumer to dispute a debt directly with the debt collector.

### *Violations of the Fair Debt Collection Practices Act*

46. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

47. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff is entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

A. Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); And

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
June 8, 2021

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein (AF-9508)